UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STATE OF INDIANA, et al., ) | |
|       Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:04 CV 506 |
| ) | |
| ROBERT A. PASTRICK, et al., ) | |
|       Defendants. ) | |

## OPINION AND ORDER

This matter is before the court on various cross-motions for summary judgment and partial summary judgment. Plaintiffs moved for partial summary judgment on multiple elements of their civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim against defendants Robert A. Pastrick ("Pastrick"), Timothy W. Raykovich ("Raykovich"), George Weems ("Weems"), Frank Miskowski ("Miskowski"), and Calumet Concrete & Masonry, Inc. ("Calumet"). (DE #462.) Defendants Pastrick and Raykovich countered with their own motions for summary judgment. (DE #464; DE #466.) For the reasons set forth below, the court hereby **GRANTS IN PART** and **DENIES IN PART** plaintiffs' motion for partial summary judgment (DE #462), **DENIES** defendant Pastrick's motion for summary judgment (DE #464), and **DENIES** defendant Raykovich's motion for summary judgment (DE #466).

### BACKGROUND

The background for this case is complex and extensive. To summarize briefly, the case springs from the successful criminal prosecution of several corrupt East Chicago city officials. Plaintiffs, the State of Indiana and the City of East Chicago, allege that defendants engaged in a pattern of racketeering activities by transferring funds that

they converted from the city for their own personal gain in violation of 18 U.S.C. § 2314, while conducting the City of East Chicago's affairs. The allegations follow closely the parallel criminal cases in which many individual defendants either pleaded guilty or were convicted of similar conduct.

Plaintiffs allege that the racketeering activities began in August 1996 when Pastrick, as mayor of East Chicago, established a "Gaming Trust" to illegally divert money and property belonging to East Chicago for his own personal and political use. (DE #1 at 10, 14, 18-20.) Plaintiffs further allege that beginning in 1999, defendants unlawfully used more than $18 million belonging to the City of East Chicago to construct sidewalks, driveways, patios, porches, and parking lots, and to trim trees on public and private property, the purpose of which was to corrupt the electoral process in the May 1999 East Chicago Democratic mayoral primary by buying votes. (DE #1 at 1, 14-16, 22-28.) Plaintiffs allege that this scheme caused the city's general fund bank account to become overdrawn by several million dollars. Defendants, in order to cover the deficiency, devised a plan to issue municipal bonds and/or bond anticipation notes. (DE #1 at 28, 29-30.) Plaintiffs claim that various contractor and/or vendor defendants submitted backdated bids designed to create the appearance that the work was being lawfully performed pursuant to the Indiana bid law. (DE #1 at 31-33.) In the present civil lawsuit, plaintiffs hope to recover the misappropriated city funds.

After plaintiffs filed their civil RICO complaint on August 3, 2004, the court stayed this case pending resolution of the criminal prosecutions. The court lifted the

stay in December 2004 and shortly thereafter, various defendants filed motions to dismiss asserting standing and statute of limitations issues. All of the motions to dismiss were denied. Defendants then filed various counterclaims. Defendants also filed motions for summary judgment, again based on statute of limitations issues. Plaintiff countered with motions to dismiss defendants' counterclaims. The court denied defendants' motions for summary judgment as well as plaintiffs' motions to dismiss defendants' counterclaims. Now, plaintiff and two defendants have filed cross motions for summary judgment.

Plaintiffs moved for partial summary judgment against defendants Pastrick, Raykovich, Weems, Miskowski, and Calumet on seven elements of their civil RICO claim. In particular, plaintiffs ask for summary judgment establishing (1) that each of the three defendants are "persons" within the meaning of 18 U.S.C. § 1961(3) and 1962(c); (2) that the City of East Chicago is an enterprise within the meaning of 18 U.S.C. §§ 1961(4) and 1962; (3) that the city is engaged in interstate commerce; (4) that each defendant was either employed by or associated with the city; (5) that each defendant conducted or participated in the management or operation of the city's affairs or agreed to facilitate the conduct of the city's affairs; (6) that the defendants managed the city by a "pattern" of activity within the meaning of 18 U.S.C. § 1961(5) and 1962(c); and (7) that the plaintiffs have suffered a sufficient injury as a result of the alleged racketeering activity. Plaintiffs also seek summary judgment on the same elements of their Indiana state RICO claim, which parallels the federal statute.

Defendants Pastrick and Raykovich also moved for summary judgment. They argue that they are entitled to summary judgment because plaintiffs have no evidence of predicate federal law violations to support their RICO claims.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. PROC. 56(c)). When considering a motion for summary judgment, the court must view the record and all reasonable inferences in a light most favorable to the nonmovant. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. In short, if the court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the court should enter summary judgment.

## ANALYSIS

18 U.S.C. § 1962(c) provides that it is "unlawful for any person employed by or associated with any enterprise engaged in . . . interstate or foreign commerce[] to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Section 1962(d) provides that it is "unlawful for any person to conspire to violate" section 1962(c). Section 1964(c) of title 18 creates a civil remedy for those injured by reason of a violation of section 1962. The term "racketeering activity" includes a long list of so-called predicate acts, which include transferring converted funds in violation of 18 U.S.C. § 2314.[1] *See* § 1961(1)(B). To establish a claim under 18 U.S.C. §§ 1962(c) and 1964(c), plaintiff must show that: (1) defendants were persons employed by or associated with an enterprise that was engaged in or affected interstate or foreign commerce, (2) who conducted or participated in the conduct of the enterprise's affairs, (3) through a pattern of racketeering activity and that (4) plaintiffs suffered a loss as result of the racketeering activity. 18 U.S.C. §§ 1963(c), 1964(c). *See also Haroco, Inc. v. Am. Nat'l Bank and Trust Co. of Chicago*, 747 F.2d 384, 386, 387 (7th Cir. 1984). Plaintiffs requested partial summary judgment on all or some of these elements.

Plaintiffs also seek partial summary judgment on their alleged state law claims under Indiana's Corrupt Business Influence Act, Indiana Code § 35-45-6-2. Because

---

[1] 18 U.S.C. § 2314 prohibits "transport[ing], transmit[ing], or transfer[ing] in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud." *Id.*

analysis under the Indiana statute parallels relevant analysis under the Federal RICO statute, *see Yoder Grain, Inc. v. Antalis*, 722 N.E.2d 840, 845 (Ind. Ct. App. 2000), the holdings here apply to plaintiffs' federal and Indiana state law claims.

**1.** *Plaintiffs' Summary Judgment Motion against Defendants Weems and Miskowski*

Since filing their motion for summary judgment, plaintiffs stipulated to dismissing with prejudice any claims against defendants Weems and Miskowski. (DE #485; DE #484 ). Accordingly, plaintiffs' motion for summary judgment against defendants Weems and Miskowski is **DENIED AS MOOT.**

**2.** *Plaintiffs' Motion for Partial Summary Judgment against Defendants Pastrick, Raykovich, and Calumet*

    A. "*Persons Employed by or Associated with an Enterprise that Engaged in Interstate Commerce*"

Defendants Pastrick, Raykovich, and Calumet do not contest that within the meaning of section 1962, they are "persons," the city is an "enterprise," the city was engaged in interstate commerce, and they were employed by or associated with the city. (*See* DE #471 at 1-2; DE #470 at 4-5; DE #474.) Therefore the court **GRANTS** plaintiffs' request for partial summary judgment on these elements.

    B. "*Conducted/Participated in the Enterprise's Affairs*" under the <u>Reves</u> Operation or Management Test

Section 1962(c) limits liability to those defendants who "conduct or participate, directly or indirectly, in the conduct of [the] enterprise's affairs." The Supreme Court explained the meaning of this phrase in *Reves v. Ernst & Young,* 507 U.S. 170 (1993). In *Reves,* the Court adopted what is known as the "operation or management test." This

6

test limits liability to defendants who exercise a "degree of direction" over the enterprise, which the Court further described as taking "*some* part in directing the enterprise's affairs." *Id.* at 177, 179. Plaintiffs allege that defendants' involvement with the city satisfies *Reve's* operation or management test.

Defendant Pastrick admits that as mayor, he participated in the management or operation of the city's affairs, (DE #471 at 2), but objects to summary judgment on this element based on the potential for jury confusion regarding conspiracy liability under section 1962(d). Pastrick cites no cases that support withholding summary judgment for this reason, however, and the court sees no reason why a properly instructed jury would confuse this issue with conspiracy liability under section 1962(d). Therefore, the court **GRANTS** summary judgment on this element with regard to defendant Pastrick. To quell any worry of confusion, the court notes that summary judgment on this element implies neither guilt nor innocence with respect to conspiracy liability under section 1962(d).

Turning to defendant Raykovich, plaintiffs allege that they are entitled to summary judgment based on their evidence that shows that Raykovich was a key mayoral advisor who wielded a great deal of influence over the city's affairs. *See* DE #477 at 8-9 (citing evidence). Raykovich, however, points to evidence that indicates that he was merely a contracted consultant, that his role was only as an advisor, and that he was an outsider who lacked actual authority to act on the city's behalf. *See* DE #463 at 4, 8; DE #465-2 at 2-3 (citing evidence). Raykovich has offered sufficient evidence to put

the matter in dispute. Summary judgment is therefore **DENIED** as to defendant Raykovich.

With regard to defendant Calumet, the only evidence plaintiffs submit to support summary judgment is evidence showing that Calumet received payment for contracted work it performed for the city. (DE #463 at 21.) When viewed most favorably to defendant Calumet, these allegations, even if true, are not enough to conclusively establish that Calumet took "some part in directing the enterprise's affairs" or exercised a "degree of direction" over the city under the *Reve's* test. *See Reves*, 507 U.S. at 177, 179. With respect to defendant Calumet, summary judgment on this element is therefore **DENIED**.

C. *"Pattern of Racketeering Activity"*

Plaintiffs also assert that they are entitled to summary judgment on Section 1962(c)'s "pattern" element. Although the statute only prohibits conduct that amounts to a "pattern of racketeering activity," *id*, plaintiffs would have this court separate the "racketeering" element and rule summarily that certain alleged conduct was a "pattern" for purposes of § 1962(c). *See* 18 U.S.C. § 1961(5) (defining 'pattern of racketeering activity' as at least two predicate acts within a ten-year period).

Plaintiffs failed to offer any support or precedent for splitting "pattern of racketeering activity," into two separate elements and the Seventh Circuit's pattern instructions, which leave the complete phrase intact, make the court disinclined to do so. *See* Pattern Criminal Fed. Jury Instructions for the Seventh Circuit, 18 U.S.C. §

1962(c), p.267, (*available at* http://www.ca7.uscourts.gov/Rules/pjury.pdf). Establishing certain acts as a "pattern of activity" is meaningless in the RICO context without also simultaneously showing that the same acts constitute predicate acts of "racketeering." Summary judgment on this element is **DENIED**.

D. *Injury*

Plaintiffs also request partial summary judgment on the injury element of their RICO claim. *See* § 1964(c) (creating a civil remedy for "any person injured in his business or property by reason of a violation of section 1962"). Plaintiffs allege that the city paid contractors for work without going through the proper bidding or approval processes and that the city lost money as a result. (DE #463 at 24.)

The court finds that summary judgment is not appropriate on the injury element because plaintiffs still must show either that the work was improper and should never have been performed, or that the alleged bidding irregularities increased the cost of the work. Because there remain triable issues regarding plaintiffs' alleged injury, partial summary judgment on this element is **DENIED**.

**3.** *Defendant Pastrick's Motion for Summary Judgment*

Defendant Pastrick filed a cross motion for summary judgment on plaintiffs' civil RICO claims. In his motion, Pastrick alleges that plaintiffs failed to offer evidence of the predicate underlying racketeering acts. Although Pastrick discusses several cases that dealt with misapplication of public funds in the context of federal theft and mail fraud statutes, he fails to explain why the conduct in question—alleged illegal transfers of city

funds for Pastrick's own personal and political gain—cannot establish predicate violations under 18 U.S.C. § 2314, the federal statute that prohibits transferring converted money. Therefore, Pastrick's motion for summary judgment is **DENIED**.

*4. Defendant Raykovich's Motion for Summary Judgment*

Defendant Raykovich filed his cross motion for summary judgment arguing that plaintiffs failed to present evidence tying him to the alleged illegal payments and that because he was merely a consultant for the city, he did not "participate, directly or indirectly, in the conduct of such enterprise's affairs." (DE #465 at 5-7.) The court finds that plaintiffs have pointed to enough evidence to survive summary judgment. Specifically, plaintiffs have offered evidence that indicates that Raykovich prepared the budgets, that he oversaw and monitored the city's finances, that he had authority to speak on mayor's behalf, and that he was authorized to negotiate with and make payments to contractors. *See* DE #469 at 6, 13 (citing evidence). Plaintiffs have offered sufficient evidence to create a triable issue as to whether Raykovich committed predicate RICO acts under section 1962(c). Moreover, even assuming that his status as an outsider would shield Raykovich from § 1962(c) liability under the *Reves* operation or management test, summary judgment in his favor would not be warranted because Raykovich remains potentially liable for conspiring to commit RICO violations under section 1962(d). *See United States v. Quintanilla*, 2 F.3d 1469, 1485 (7th Cir. 1993) (explaining that the *Reves* limitation does not apply to conspiracy liability under § 1962(d)).

In his motion for summary judgment, Raykovich also reasserted his position that the claim is barred by the statute of limitations. For the same reasons the court stated in its order denying his previous motion on these grounds (*see* DE #367) the court rejects Raykovich's position and finds that the claims are not barred by the statute of limitations.

Raykovich motion for Summary Judgment is **DENIED**.

## CONCLUSION

For the foregoing reasons, the court **ORDERS** the following:

(1) plaintiffs' motion for partial summary judgment (DE #462) against defendants Weems and Miskowski is **DENIED AS MOOT**;

(2) plaintiffs' motion for partial summary judgment against defendants Pastrick, Raykovich and Calumet is **GRANTED IN PART** and **DENIED IN PART**;

(3) defendant Pastrick's motion for summary judgment is **DENIED;**

(4) defendant Raykovich's motion for summary judgment is **DENIED**.

**SO ORDERED.**

DATE: June 26, 2008.

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT